Per Curiam.

An official referee has reported that the charge of misconduct set forth in the original petition and two of the. *709 charges alleged in the supplemental petition have been established by the proof submitted by the petitioner. His findings, in two separate reports, are fully sustained by the documentary evidence and the testimony of the witnesses.
The charge in the original petition grew out of the misconduct of the respondent as attorney for certain aliens who were detained at Ellis Island while en route from Portugal to Haiti. In 1941 he obtained permission for his clients and their families to enter the United States, for transit purposes, on condition that bonds were filed insuring their departure and that their transportation to Haiti was purchased in advance. A payment on account of the steamship tickets had been made while the aliens were in Portugal. On January 15, 1941, the respondent was given an additional $240 in cash to purchase the tickets. It was definitely established and found by the official referee that $175 of that sum was deposited in the account of the respondent and converted ’to his own use. He obtained the tickets, however, from an agency by giving his personal check. The check was returned unpaid marked “ Stale Date ”. The respondent ignored written requests to forward a corrected check. One letter from the agency dated February 5, 1941, contained, in part, the following: “ # * # unless we receive a check acceptable to the bank by return mail, we shall be forced to instruct the steamship line not to honor the tickets issued and at the same time inform the Ellis Island authorities to that effect.”
On February 13, 1941, the respondent sent a properly dated check in payment of the tickets. When the check was presented at the bank payment was refused because of insufficient funds to the credit of respondent. The respondent failed to make good that check and he was notified that the “ steamship company has recovered the tickets issued and the passages have been cancelled ”. Only after charges were preferred and on March 18, 1941, did the respondent pay for the tickets.
The official referee found that the respondent had deposited $175 of the “ ticket ” money in his account and had converted it to his own use and was “in no position at any time up to March 18th to repay it ”. He also pointed out that the respondent “ made no effort to raise the money ” after being notified by the agency “ notwithstanding the danger to those aliens * * * (who - could have been picked up and rearrested by the immigration authorities as soon as it was learned that the tickets had been cancelled).”
*710 The first charge in the supplemental petition was based on a complaint by one Anthony Palmisano who' paid the respondent $200 to institute a divorce action and later retained the respondent to defend an action brought by an attorney for professional services. The respondent “ grossly neglected ” the divorce action, failed to enter a final decree, falsely testified that he had given a copy of the final decree to his client (who in the meantime had remarried). He also neglected to defend the client in the suit brought by his former attorney and a default judgment was entered. The client later gave funds to pay the judgment to the respondent who, however, converted the money to his own use, as a result of which the client’s salary was garnisheed.
The second charge in the supplemental petition alleged that the respondent induced a client to pay him a fee to institute a divorce action “ when the respondent did not know that any evidence for a divorce was available ” and thereafter falsely 'informed the client that an action Was pending in the courts. The record fully sustains the finding of the official referee that the charge was established. In addition, it discloses that the respondent gave his client a promissory note, due in six months, when the client demanded that the fee paid be returned. When the note was not paid the client brought suit and obtained a default judgment, no part of which has been paid by the respondent.
The respondent grossly neglected the interests of three groups of clients, jeopardized the liberty of some and converted the funds of others. On his representation that a divorce had been procured, one client remarried. The respondent also permitted the salary of a client to be garnisheed although funds to pay the judgment had been delivered to him.
In addition to the foregoing, the official referee, in his report on the charges set forth in the supplemental petition, has stated: <« * # • it is a matter of regret that he did not # * * come prepared to admit the truth of the charges that have been proved against him beyond doubt.”
It is obvious from a reading of this record that the respondent is unfit to remain a member of the legal profession.
The respondent should be disbarred.
Martin, P. J., Glennon, Dore, Callahan and Peok, JJ., concur.
Bespondent disbarred.